**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **NEWTON B. SCHWARTZ, SR.** | **CIVIL ACTION NO. 08-1339** |
| **VS.** | **JUDGE DOHERTY** |
| **LAWRENCE "LARRY" N. CURTIS**<br>**LAWRENCE CURTIS, LTD.**<br>**LARRY N. CURTIS, P.C.** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR*
*RECONSIDERATION OF TRANSFER* ORDER
**(Rec. Doc. 41)**

Before the court is Plaintiff's motion to reconsider an order issued by the U. S. District Court for the Southern District of Texas, transferring the instant suit to this court.[1] The motion was referred to the undersigned for a Report and Recommendation. The motion is opposed.

*Background and Argument of Parties*

This is a libel and slander suit to recover, *inter alia,* damages for defamation, business disparagement, and tortious inference with contract filed by a Texas attorney, Newton B. Schwartz, Sr., against Louisiana attorney Lawrence "Larry" Curtis. As recounted in the opinion and order transferring the case, the suit emanates from an email Curtis allegedly sent to the Admiralty Law Section of the American Association for Justice, in response to Schwartz's joining of the List Serve, as follows:

> Schwartz: You have the unmitigated chutzpah to enroll yourself in this list serve, when you have been engage in the blatant "running" - - "solicitation" of Louisiana offshore cases. We are all watching you very closely. In the meantime, do us all a favor - - get off this list serve.[2]

---

[1] Memorandum Opinion and Order (Rec. Doc. 40).

[2] *Ibid.*, p. 2.

The suit was originally filed in Texas state court, and removed by defendants to the U. S. District Court for the Southern District of Texas on grounds of diversity. The latter court concluded that it lacked personal jurisdiction over the defendants, and transferred the case to this court pursuant to 28 U.S.C. §§1404(a) and 1406(a).

In the motion for reconsideration, plaintiff argues that the matter was improperly transferred to the Western District of Louisiana, as none of the factors of 28 U.S.C. § 1404(a) were considered, and most of the witnesses, documents, and damages are located and occurred in Texas. He also reiterates his arguments that the Texas court erred in finding it had no personal jurisdiction over defendants.

*Discussion*

As an initial matter, this court cannot "reconsider" a matter which it never considered in the first place. However, turning to the issue in dispute, the undersigned agrees with defendants that plaintiff has advanced no new arguments or evidence in support of his position that the Texas court had personal jurisdiction over defendants. The Texas federal court issued a well-reasoned decision finding to the contrary, and rightfully exercised its discretion pursuant to 28 U.S.C. §1406(a), to transfer the case to the this court, a "district or division in which it could have been brought." Bentz v. Recile, 778 F.2d 1026, 1027-28 (5th Cir. 1985).

For the reasons given above,

**IT IS RECOMMENDED** that the Plaintiff's Motion and Memorandum in Support of Reconsideration of Court's Granting Defendants' Motion to Transfer (rec. doc. 41) be **DENIED**.[3]

---

[3] The magistrate judge notes that there is a pending motion before the District Judge to permit plaintiff's Interlocutory Appeal per 28 U.S.C. § 1292(b) and stay.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on April 2, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)