RECEIVED
MAY - 7 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NEWTON B. SCHWARTZ, SR. | CIVIL ACTION NO. 08-1339 |
| VERSUS | JUDGE DOHERTY |
| LAWRENCE "LARRY" N. CURTIS<br>LAWRENCE CURTIS, LTD.<br>LARRY N. CURTIS, P.C. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the Motion and Memorandum in Support of Reconsideration of Court's Granting Defendants' Motion to Transfer" filed by plaintiff Newton B. Schwartz, Sr. ("Schwartz") be denied [Doc. 52]. No objections have been filed.

The record of this matter shows this case is in an unusual procedural posture. The lawsuit[1] was originally filed in the 295th Judicial District Court of Harris County, Texas and was removed to federal district court in the Southern District of Texas sometime in October, 2007. Defendants Lawrence "Larry" Curtis, Lawrence Curtis, Ltd., and Larry N. Curtis, P.C. filed a motion to transfer the case to federal district court in the Western District of Louisiana on or around February 19, 2008. That motion was granted on or around August 28, 2008, and the Southern District of Texas ordered that the case be transferred to this Court on or around that date.

At the time the case was transferred, several motions were pending in the Southern District of Texas. It appears those motions were denied upon the case being transferred to this Court.

---

[1] In the lawsuit, plaintiff, an attorney practicing in Harris County, Texas, filed suit against Larry Curtis, an attorney practicing in Lafayette, Louisiana, for defamation (libel and libel *per se*), business disparagement, and tortious interference with contracts.

However, after the Order of Transfer was filed in the Southern District of Texas, plaintiff filed a "Motion for Reconsideration" of the transfer order, as well as a "Motion and Memorandum in Support of Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals" with respect to the Order of Transfer. On October 2, 2008, after she had transferred the case to the Western District of Louisiana, the district judge in the Southern District of Texas denied the Motion for Reconsideration and denied the "Motion for Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals."[2]

Notwithstanding the foregoing, upon the case being transferred to this Court, the Clerk of Court in the Western District of Louisiana docketed both the Motion for Reconsideration and the "Motion for Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals" on this Court's docket and referred the Motion for Reconsideration to the magistrate judge for Report and Recommendation. No action was taken with respect to the "Motion for Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals," and, specifically, this Court was not notified that either motion was pending. Additionally, the magistrate judge in this district was unaware the Motion for Reconsideration had been denied by the district judge in the Southern District of Texas. Moreover, neither motion was reflected as pendig on this Court's CJRA Report, nor on any other internal motions reports, nor did any attorney in the case contact either judges' chambers to inquire about the pending motions. In all likelihood, the attorneys in this matter believed that the district judge's ruling in the Southern District of Texas had disposed of both motions. However, inasmuch as the Order of Transfer had already been issued, there is a question as to whether the Southern District of Texas had jurisdiction to rule on either motion, and the

---

[2] *See Newton B. Schwartz, Sr. v. Lawrence "Larry" N. Curtis, et al.*, Civil Action No. 07-3494 (S.D. Texas), Doc. 49.

2

magistrate judge in this district had issued a Report and Recommendation. Therefore, out of an abundance of caution, this Court issues the instant Memorandum Ruling.

1. **Motion for Reconsideration [Doc. 41]**

With respect to plaintiff's Motion for Reconsideration of the ruling on defendant's motion to transfer the case issued by the district judge in the Southern District of Texas, to the extent that motion was properly before the Southern District of Texas on October 2, 2008, that motion has already been denied by the district judge in the Southern District of Texas. However, to the extent the Southern District of Texas did not have jurisdiction to rule on that motion, and that the motion is properly before this Court, that motion is now before this Court by way of the magistrate judge's Report and Recommendation. Considering the foregoing, this Court DENIES the Motion for Reconsideration for the reasons set forth by the magistrate judge in the Report and Recommendation, as well as for the reasons set forth by the Southern District of Texas in its original ruling.

2. **Motion and Memorandum in Support of Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals [Doc. 42]**

With respect to the "Motion and Memorandum in Support of Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals," the procedural history is not as convoluted as the Motion for Reconsideration, as that motion has not been referred to the magistrate judge and there is no pending Report and Recommendation with respect to this motion. The Southern District of Texas, also, purported to deny this motion, however again there could be question as to whether the Southern District of Texas had jurisdiction to do so. Consequently, if the "Motion for Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals" was properly before the Southern District of Texas, that Court has already denied the motion. On the other hand, if the motion is properly before this Court, this Court also DENIES the motion for

the following reasons.

Plaintiff seeks certification of this matter for immediate appeal pursuant to 28 U.S.C. §1292(b), which states in pertinent part:

> When a district judge, in a civil action and order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). It is well settled in the Fifth Circuit that §1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under 28 U.S.C. §1404(a). *See Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970). *See also Louisiana Ice Cream Distributors, Inc. v. Carvel Corporation, Inc.*, 821 F.2d 1031, 1033 (5th Cir. 1987)(noting that "we have disclaimed immediate appellate jurisdiction over the grant or denial of a motion to transfer under 28 U.S.C. § 1404(a)"). Therefore plaintiff's "Motion for Certification for Immediate Interlocutory Appeal to the Fifth Circuit Court of Appeals" [Doc. 42], should it properly be before this Court, is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___7___ day of May, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4